# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TROY KING,

    Plaintiff,

v.                                                                                                                 No. 16-cv-0519 SMV

NANCY A. BERRYHILL,[1]
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 17] ("Motion"), filed on December 23, 2016. The Commissioner responded on March 20, 2017. [Doc. 21]. Plaintiff replied on April 10, 2017. [Doc. 24]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the ALJ failed to adequately explain why he rejected portions of Dr. Blacharsh's and Dr. Cox's opinions. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision to deny benefits stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

A court's review is limited to the Commissioner's final decision. 42 U.S.C. § 405(g). Generally, the Commissioner's final decision is that of the administrative law judge ("ALJ"), but in some cases, it is that of the Appeals Council. *Williams v. Bowen*, 844 F.2d 748, 749 (10th Cir. 1988). Where the Appeals Council has modified the ALJ's decision, the Appeals Council's decision is the final decision of the Commissioner, *White v. Schweiker*, 725 F.2d 91, 94 (10th Cir. 1984), regardless of whether the Appeals Council officially granted or denied review, *McDaniel v. Sullivan*, No. 91-5188, 1992 U.S. App. LEXIS 18471, at *4 (10th Cir. July 31, 1992) (unpublished) (citing *Williams v. Bowen*, 844 F.2d 748, 749 (10th Cir. 1988)). However, if the Appeals Council denies review and does not modify the ALJ's decision, the ALJ's decision becomes the Commissioner's final decision, and the district court reviews the ALJ's decision. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) (citing 20 C.F.R. § 404.981).

Additionally, the Tenth Circuit Court of Appeals has held that in some situations, a district court must review the ALJ's decision but also consider evidence beyond that which was considered by the ALJ. *Martinez v. Barnhart*, 444 F.3d 1201, 1207–08 (10th Cir. 2006); *O'Dell*, 44 F.3d at 859. Pursuant to 20 C.F.R. § 416.1470(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision must be considered by the Appeals Council in determining whether to review the ALJ's decision. Because a court reviews

the final decision based on "the record as a whole," a court considers the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *O'Dell*, 44 F.3d at 858 (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings were supported by substantial evidence and whether the correct legal standards were applied. *Martinez*, 444 F.3d at 1204; *Vallejo v. Berryhill*, 849 F.3d 951, 956 (10th Cir. 2017). Accordingly, here, the Court reviews the ALJ's decision (not the Appeals Council's denial of review) considering the entire record, including the opinions of counselor Hallford, which were added to the record by the Appeals Council after the ALJ issued his decision. *See* Tr. 2, 5, 374–78.

## **Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).

In light of this definition for disability, a five-step sequential evaluation process has been established for evaluating a disability claim. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant has the burden to show that: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or

is expected to last for at least one year; *and* either (3) his impairment(s) either meet or equal one of the "Listings"[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. § 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

**Procedural Background**

Plaintiff applied for supplemental security income on February 27, 2013. Tr. 26. He alleged a disability-onset date of May 1, 2011. *Id.* His claim was denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ Thomas Cheffins held a hearing on September 12, 2014, in Phoenix, Arizona. *Id.* Plaintiff appeared pro se and by telephone from Albuquerque, New Mexico. Tr. 26, 41. Among other things, Plaintiff testified that he had recently started treatment with a new counselor named Gary Hallford,[3] whom he was seeing once per week. Tr. 45. The ALJ asked Plaintiff to sign a release for counselor Hallford's records, and Plaintiff agreed. Tr. 45–46, 58–59.

The ALJ issued his unfavorable decision on December 19, 2014. Tr. 34. At step one of the sequential evaluation process, he found that Plaintiff had engaged in some substantial gainful activity, for the fourth quarter of 2013 (prior to the application date) and for "only a short period subsequent to the application date." Tr. 28. Nevertheless, the ALJ gave Plaintiff

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.
[3] The transcript identifies the counselor as "Gary Hofberg [phonetic]." Tr. 45 (bracketed language in original). It appears that the counselor's surname is actually Hallford. *See* Tr. 374, 376, 377.

"the benefit of the doubt," and proceeded with the five-step sequential evaluation process for the entire period since the application date. *Id.* At step two the ALJ found that Plaintiff suffered from the following severe impairments: post-traumatic stress disorder ("PTSD"), anxiety disorder, and substance use disorder. Tr. 28–29. At step three the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 29−31.

Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 31–33. The ALJ found that

> [Plaintiff] has the [RFC] to perform a full range of work at all exertional levels but with the following non-exertional limitations: [Plaintiff] can understand, remember, and carry out detailed work instructions and make decisions. He can respond appropriately to basic work setting changes. He can also respond appropriately to supervision, co-workers, and work situations.

Tr. 31. At step four, the ALJ found that Plaintiff could return to his past relevant work as a laborer. Tr. 33. Because he found that Plaintiff could return to his past work, the ALJ did not proceed to step five. Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and he denied the claim. Tr. 34.

After the ALJ denied the claim, Plaintiff hired an attorney, who submitted opinions as to Plaintiff's functional limitations from counselor Hallford to the Appeals Council.[4] Tr. 20–22. The Appeals Council accepted the evidence and made it part of the record. Tr. 2, 5. However, the Appeals Council found that counselor Hallford's reports "[did] not provide a basis for

---

[4] Plaintiff also submitted evidence from Certified Nurse Practitioner, Keri Black. Tr. 2. The Appeals Council determined that Ms. Black's reports were "about a later time" and were not added to the record. *See* Tr. 1–5. Here, Plaintiff raises no argument regarding Ms. Black's reports, and the Court has not considered them.

changing the [ALJ]'s decision." Tr. 2. No further reasoning or analysis was provided. *See* Tr. 1–5. Remaining unpersuaded, the Appeals Council denied Plaintiff's request for review on April 5, 2016. Tr. 1. Plaintiff timely filed the instant action on June 2, 2016. [Doc. 1].

## Analysis

Considering all of the evidence in the administrative record—including the opinions of counselor Hallford—the Court finds that the ALJ's reasons for rejecting portions of Dr. Blacharsh's and Dr. Cox's opinions are inadequate. The evidence cited by the ALJ for rejecting these opinions amounts to a mere scintilla. Remand is warranted to revisit the RFC in light of the source opinions on Plaintiff's mental functional limitations.

Although ALJs need not discuss every piece of evidence, they are required to discuss the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)). Specifically, when assessing a plaintiff's RFC, an ALJ must explain what weight she assigns to each opinion and why. SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996). "[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on [a specific] functional capacity . . . because the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (alteration and internal quotation marks omitted)); *see Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir. 2013) (same). Nevertheless, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Chapo*, 682 F.3d at 1292 (internal brackets omitted) (quoting *Haga v.*

7

*Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). ALJs are required to weigh medical source opinions and to provide "appropriate *explanations* for accepting or rejecting such opinions." SSR 96-5p, 1996 WL 374183, at *5 (emphasis added); *see Keyes-Zachary,* 695 F.3d at 1161 (same) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5, at *20, 1996 WL 374184, at *7. The ALJ's reasons must be specific and legitimate. *Chapo*, 682 F.3d at 1291.

Dr. Blacharsh and Dr. Cox both agreed that, as a result of Plaintiff's mental impairments, he had moderate limitations in the following areas:

- Performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances;

- Working in coordination with or in proximity to others without being distracted by them;

- Completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods;

- Interacting appropriately with the general public;

- Accepting instructions and responding appropriately to criticism from supervisors;

- Getting along with coworkers or peers without distracting them or exhibiting behavioral extremes;

- Responding appropriately to changes in the work setting; and

- Traveling in unfamiliar places or using public transportation

Tr. 69–70, 81–82. Counselor Hallford agreed that Plaintiff was at least moderately, if not markedly, impaired in most of these areas.[5]  *See* Tr. 374–75.

There is no dispute that the ALJ's RFC assessment fails to incorporate these restrictions. *See* Defendant's Response [Doc. 21] at 8 ("The ALJ disagreed with the multiple ratings of moderate mental limitations[.]"). The ALJ gave the following reasons to explain why he had rejected these limitations.

> I find that multiple "moderate" mental limitations do not accurately describe the claimant's level of function. The claimant has no history of inpatient psychiatric hospitalization. He received conservative mental health treatment prior and

---

[5] Specifically, counselor Hallford found that Plaintiff had marked limitations in his ability to:

- Carry out detailed instructions;
- Maintain attention and concentration for extended periods of time (i.e., 2-hour segments);
- Work in coordination with/or proximity to others without being distracted by them;
- Complete a normal workday and workweek without interruptions from psychological based symptoms and to perform at a consistent pace without unreasonable number and length of rest periods;
- Interact appropriately with the general public;
- Get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and
- Respond appropriately to changes in the work place

Tr. 374–75. He further found that Plaintiff had moderate limitations in his ability to:

- Remember locations and work-like procedures;
- Understand and remember very short and simple instructions;
- Understand and remember detailed instructions;
- Carry out very short and simple instructions; and
- Accept instructions and respond appropriately to criticism from supervisors

*Id.* Counselor Hallford's report defined a "marked" limitation as: A limitation that precludes the individual's ability usefully to perform the designated activity on a regular and sustained basis, i.e., 8 hours a day, 5 days a week, or an equivalent schedule. The individual cannot be expected to function independently, appropriately, and effectively on a regular and sustained basis. Tr. 374. The report defined a "moderate" limitation as: A limitation that seriously interferes with the individual's ability to perform the designated activity on a regular and sustained basis, i.e., 8 hours a day, 5 days a week, or an equivalent schedule. The individual may be able to perform this work-related mental function on a limited basis. However, the individual should not be placed in a job setting where this mental function is critical to job performance or to job purpose. *Id.*

>             subsequent to the SSI application date. The majority of this
>             treatment has been counseling with Ms. Hammond. Those
>             counseling records reveal that the claimant is coping with his
>             depression and seeking to be a good father for his young son.

Tr. 33 (internal citations omitted).

To the extent that these reasons might support the rejection of the "multiple moderate mental limitations" assessed by Dr. Blacharsh and Dr. Cox, they amount to a mere scintilla of evidence. The ALJ found that Plaintiff's mental health treatment had been conservative (including counseling and no inpatient hospitalizations), he had been "coping with his depression[,] and [was] seeking to be a good father." *Id.* These reasons have little, if any, bearing on whether Plaintiff has moderate limitations in being punctual, working in coordination with others, completing a normal workday without unreasonable rest periods, interacting with the general public, accepting instructions from supervisors, getting along with co-workers or peers, or responding appropriately to changes in the workplace. Simply put, the Court cannot follow the ALJ's reasoning.

Additionally, all the source opinions in the record to assess functional limitations resulting from Plaintiff's mental impairments are more restrictive than the RFC. The sources (Dr. Blacharsh, Dr. Cox, and counselor Hallford) all agree that Plaintiff has at least moderate limitations in working in coordination with others, completing a normal workday without unreasonable rest periods, accepting instructions from supervisors, and getting along with co-workers or peers. These source opinions overwhelm the scant and attenuated evidence cited by the ALJ as reasons to reject them. Remand is warranted to revisit the RFC.

Defendant presents two other arguments, but neither changes the result. First, Defendant implies that the ALJ was not required to account for the disputed limitations as long as the RFC assessment was consistent with the doctors' "ultimate opinions that Plaintiff could do detailed but not complex work." [Doc. 21] at 8 (citing Tr. 33–34); *see id.* at 10–11. The Court disagrees. The ALJ was required to consider Dr. Blacharsh's and Dr. Cox's opinions in their entirety. There is no authority permitting an ALJ to ignore certain findings as long as he addresses an "ultimate opinion." *Silva v. Colvin*, 203 F. Supp. 3d 1153 (D.N.M. 2016) (thoroughly explaining the multiple sources of authority requiring ALJs to evaluate source opinions in their entirety and rejecting the argument that an ALJ may ignore any portion of an opinion). The ALJ in this case was required to address the source opinions in their entirety.

Defendant offers another argument that is similarly unpersuasive. She argues that Dr. Blacharsh and Dr. Cox "ultimately opined" that Plaintiff could perform "at least unskilled work." [Doc. 21] at 10–11. Plaintiff's past work as a laborer (to which the ALJ found he could return) was unskilled. *See* Tr. 33. Thus, Defendant's position is that any inconsistency between the doctors' opinions and the RFC does not actually prejudice Plaintiff. [Doc. 21] at 10–11. This argument might be persuasive if there actually were no conflict between the assessed limitations and the demands of unskilled work.

The ALJ was required to consider all of the limitations assessed by the doctors. Only if the "ultimate opinions" adequately accounted for all of the limitations assessed throughout the opinion might the ALJ rely exclusively on the source's "ultimate opinion." *Silva*, 203 F. Supp. 3d at 1163–64 (collecting cases). Such is not the case here. In this case, Dr. Blacharsh and

11

Dr. Cox (as well as counselor Hallford) assessed limitations in areas required for unskilled work. *Compare* POMS § DI 25020.010(A)(3) (unskilled work requires, on a sustained basis, the ability to respond appropriately to supervision, coworkers, and work situations, as well as deal with changes in a routine work setting), *with* Tr. 69–70 (Dr. Blacharsh's assessment of moderate limitations in the ability to, *inter alia*, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and deal with changes in the work setting), 81–82 (Dr. Cox's assessment of moderate limitations in the ability to, *inter alia*, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and deal with changes in the work setting), Tr. 374–75 (counselor Hallford's assessment of moderate or marked limitations in the ability to, *inter alia*, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and deal with changes in the work setting). Accordingly, the Court is not persuaded by Defendant's argument that there the ALJ's error did not prejudice Plaintiff.

## Conclusion

Considering the entire administrative record, the ALJ's reasons for rejecting Dr. Blacharsh's and Dr. Cox's assessed limitations are overwhelmed by other evidence. Remand is warranted.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 17] is

**GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**