# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

TROY KING,

    Plaintiff,

v.     No. 16-cv-0519 SMV

NANCY A. BERRYHILL,[1]
**Acting Commissioner of Social Security Administration,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, with Memorandum in Support [Doc. 28] ("Motion"), filed on December 14, 2017. The Commissioner responded on December 18, 2017. [Doc. 29]. Plaintiff replied on January 11, 2018. [Doc. 30]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Plaintiff moves the Court for an award of $5,946.40 in attorney fees. [Doc. 30] at 3. Having reviewed the record, the briefing, and the relevant law, the Court finds that the Motion is well-taken and should be granted. Plaintiff will be awarded **$5,946.40** in attorney fees.

## Background

Plaintiff's claim for supplemental security income was denied by Defendant, and he timely filed suit in this Court. The Court found that the residual functional capacity ("RFC")

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

assessed by the Administrative Law Judge ("ALJ") was not supported by substantial evidence. [Doc. 26] at 10. Three sources who evaluated Plaintiff agreed that he had certain moderate limitations in functioning. The ALJ, however, rejected these limitations because Plaintiff's "mental health treatment had been conservative (including counseling and no inpatient hospitalizations), he had been 'coping with his depression[,] and [was] seeking to be a good father.'" [Doc. 26] at 10 (quoting Tr. 33). The Court found that these reasons amounted to no more than a mere scintilla of evidence because they had little, if any, bearing on the areas of functioning at issue (e.g., being punctual, working in coordination with others, completing a normal workday without unreasonable rest periods, interacting with the general public, accepting instructions from supervisors, getting along with co-workers or peers, or responding appropriately to changes in the workplace). *Id.* Further, the Court found that the ALJ's reasons for rejecting the moderate limitations were overwhelmed by the three source opinions, all of which agreed on the limitations. *Id.*

The Court was not persuaded by Defendant's arguments in opposition. First, Defendant implied that the ALJ was not required to account for the disputed limitations as long as the RFC assessment was consistent with the doctors' "ultimate opinions that Plaintiff could do detailed but not complex work." [Doc. 21] at 8 (citing Tr. 33–34); *see id.* at 10–11. The Court rejected this argument. There simply is no authority permitting an ALJ to ignore certain findings as long as he addresses an "ultimate opinion." [Doc. 26] at 11 (citing *Silva v. Colvin*, 203 F. Supp. 3d 1153 (D.N.M. 2016) (thoroughly explaining the multiple sources of authority requiring ALJs to evaluate source opinions in their entirety and rejecting the argument that an ALJ may ignore

2

any portion of an opinion)). The Court held that the ALJ in this case was required to address the source opinions in their entirety.

Second, Defendant argued that there was no conflict between the moderate limitations and the RFC, which limited Plaintiff to unskilled work. [Doc. 21] at 10–11. Therefore, any inconsistency between the source opinions and the RFC did not actually prejudice Plaintiff. *Id.* The Court held, however, that the moderate limitations at issue were not consistent with unskilled work. [Doc. 26] at 12 (*comparing* POMS § DI 25020.010(A)(3) (unskilled work requires, on a sustained basis, the ability to respond appropriately to supervision, coworkers, and work situations, as well as deal with changes in a routine work setting), *with* Tr. 69–70 (Dr. Blacharsh's assessment of moderate limitations in the ability to, *inter alia*, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and deal with changes in the work setting), 81–82 (Dr. Cox's assessment of moderate limitations in the ability to, *inter alia*, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and deal with changes in the work setting), Tr. 374–75 (counselor Hallford's assessment of moderate or marked limitations in the ability to, *inter alia*, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and deal with changes in the work setting)). Accordingly, on September 19, 2017, the Court reversed the Commissioner's final decision, granted Plaintiff's motion, and remanded the case for further proceedings. [Doc. 26] at 12–13.

Plaintiff now requests an award of attorney fees in the amount of $5,946.40 under the Equal Access to Justice Act ("EAJA"). [Doc. 30] at 3. The Commissioner opposes any award because, she argues, her position was substantially justified. [Doc. 29] at 3–5.

**Standard**

EAJA provides for an award of attorney fees to a plaintiff when: (1) she is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). Here, the parties do not dispute that Plaintiff is a prevailing party or that no special circumstances would make the award unjust. Instead, they disagree about whether the Commissioner's position was substantially justified and whether the fees requested are reasonable. [Docs. 29, 31, 32].

The Commissioner bears the burden of showing that her position was substantially justified. *Hackett*, 475 F.3d at 1172. Her "position" collectively refers to her positions at the administrative level and before the federal courts in a given case. 28 U.S.C. § 2412(d)(2)(D). EAJA fees generally should be awarded if the ALJ's reasons for denying benefits were unreasonable, "even if the government [subsequently] advanced a reasonable litigation position." *Hackett*, 475 F.3d at 1174 (internal quotation marks omitted).

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* at 1172 (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). Substantial justification is "satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)

(internal quotation marks, citations, and brackets omitted). A district court's remand order does not mean, *ipso facto*, that the Commissioner's position was *not* substantially justified; that is, her "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 566).

Similarly, a district court's order affirming a final decision by the Commissioner does not itself mean that the Commissioner's position *was* substantially justified. *Gatson v. Bowen*, 854 F.2d 379, 381 n.1 (10th Cir. 1988). For example, when the agency applies the wrong legal standard, the Commissioner "[cannot] show that h[er] position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, 1 F. App'x 792, 795 (10th Cir. 2001); *see Gatson*, 854 F.2d at 380–81, 381 n.1 (holding that the Commissioner's position could not be substantially justified where the agency applied an outdated legal standard—despite the district court's initial affirmance).

<u>Defendant was not substantially justified in urging
an impermissible post hoc reason to support the ALJ's decision.</u>

Defendant argues that her positions in the merits briefing were substantially justified. She defended the ALJ's rejection of the disputed moderate limitations; she argued that his reasons were adequate. The reasons given by the ALJ were that "Plaintiff received only limited outpatient treatment for his condition and was coping with his symptoms and seeking to be a good father to his young son." [Doc. 29] at 3 (citing [Doc. 21] at 9). The Court found that these reasons amounted to no more than a mere scintilla of evidence because they had little, if any, bearing on the areas of functioning at issue (e.g., being punctual, working in coordination

5

with others, completing a normal workday without unreasonable rest periods, interacting with the general public, accepting instructions from supervisors, getting along with co-workers or peers, or responding appropriately to changes in the workplace). [Doc. 26] at 10 (quoting Tr. 33). Further, the Court found that the ALJ's reasons for rejecting the moderate limitations were overwhelmed by the three source opinions, all of which agreed on the limitations. *Id.*

Defendant argues that her position was substantially justified because "the Court could discern the ALJ's reasoning based on a reading of the ALJ's decision as a whole, which included findings that Plaintiff cleaned his entire home every other day, prepared multi-course meals, and had sufficient concentration to care for his young son, drive, attend college classes, and work as a welder." [Doc. 29] at 4 (citing Tr. 29–30, 33). She cites *Endriss v. Astrue*, 506 F. App'x 772, 777 (10th Cir. 2012), for the proposition that where an ALJ summarizes relevant evidence elsewhere in the decision, the ALJ is not required to recite it again in weighing a source opinion. [Doc. 29] at 4. Defendant's application of *Endriss* to this case stretches it beyond its limits.

In *Endriss*, the ALJ rejected two "virtually identical" sets of restrictions from two different doctors. 506 F. App'x at 776. Apparently, the ALJ gave adequate reasons for rejecting the first doctor's opinion. *See id.* at 776–77. The Tenth Circuit held that the ALJ was not required to repeat those same reasons and cite to that same evidence a second time in rejecting the second doctor's opinion. *Id.* The court "underst[oo]d the ALJ's reference to 'objective medical evidence' to mean the same evidence from the same exhibits he relied on as being inconsistent with the similar restrictions proposed by [the first doctor]." *Id.* at 777.

6

Here, the ALJ rejected the disputed limitations because "Plaintiff received only limited outpatient treatment for his condition and was coping with his symptoms and seeking to be a good father to his young son." [Doc. 29] at 3 (citing [Doc. 21] at 9). There is no other portion of the record that provided adequate reasons for rejecting the disputed limitations. Nor did the ALJ in this case refer to any other part of his decision. In contrast to *Endriss*, here there is no indication that the ALJ's reasons were contained in another part of his decision. Rather, Defendant has mined the decision for reasons that she believes could support the rejection of the disputed limitations. This is the quintessential post hoc rationalization, which as Plaintiff points out, is impermissible. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084–85 (holding that "supplying possible reasons for giving less weight to or rejecting the treating physician's opinion" is reversible error because "[t]he ALJ's decision should have been evaluated based solely on the reasons stated in the decision. Affirming this post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process."). Defendant was not substantially justified in urging an impermissible post hoc reason to salvage the ALJ's decision.

<u>Defendant was not substantially justified in arguing that there was<br>no conflict between the disputed moderate limitations and the RFC assessment.</u>

Defendant argues that she was substantially justified in defending the ALJ's decision for a second reason. [Doc. 29] at 4–5. She claims it was reasonable to argue that there was no conflict between the disputed moderate limitations and the RFC, which limited Plaintiff to unskilled work, or with the past job of laborer, to which the ALJ found Plaintiff could return,

7

and which is unskilled. [Doc. 29] at 4–5 (citing *Smith v. Colvin*, 821 F.3d 1264, 1268–69 (10th Cir. 2016); *Lane v. Colvin*, 643 F. App'x 766, 770 (10th Cir. 2016)). The Court is not persuaded.

Defendant is correct that it would be reasonable to defend an ALJ's decision (despite an error in weighing medical opinion) where the limitations assessed in the opinion are accounted for by the RFC. But in this case the limitations are not accounted for by the RFC. Neither *Lane* nor *Smith* establishes that Mr. King's limitations here are covered by a limitation to unskilled work.

In *Lane*, the ALJ denied benefits based, in part, on a vocational expert's testimony that the plaintiff could perform the job of bottling-line attendant. However, the ALJ's decision did not make clear whether he had accepted or rejected a medical opinion that the plaintiff could not tolerate frequent or prolonged contact with supervisors or co-workers. 643 F. App'x at 769. The Tenth Circuit Court of Appeals held that this was harmless error because the job of bottling-line attendant did not require frequent or prolonged interaction with supervisors or co-workers. *Id.* at 770. Because the RFC accounted for the disputed limitation, there was no prejudice to the plaintiff. But it was unreasonable for Defendant to argue that Mr. King suffered no prejudice from the ALJ's error in this case. *Lane* does not stand for the proposition that the disputed moderate limitations in this case were encompassed by Mr. King's RFC, which limited him to unskilled work.

*Smith* is equally unavailing. Not all of the limitations at issue in this case are addressed in *Smith*. The plaintiff in *Smith* had some of the same moderate limitations as those at issue

here, such as the ability to accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and deal with changes in the work setting. 821 F.3d at 1268; Tr. 69–70, 81–81, 374–75. However, *Smith* does not address all of Mr. King's limitations. For example, both Dr. Blacharsh and Dr. Cox assessed a moderate limitation in Mr. King's ability to perform activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances. Tr. 70, 81. *Smith* simply does not address such limitations and, therefore, cannot support Defendant's position that the limitations are adequately accounted for by a limitation to unskilled work.

Moreover, the RFC in *Smith* was more restrictive than merely unskilled work. In *Smith*, the plaintiff was also precluded from any face-to-face contact with the public, 821 F.3d at 1268–69, a limitation that is clearly related to some of that plaintiff's moderate limitations. If anything, *Smith* shows that the RFC in this case (reflecting no mental limitation beyond unskilled work) is inadequate to account for all of the moderate limitations assessed by the doctors. Defendant fails to show that she was substantially justified in defending the ALJ's rejection of the disputed moderate limitations.

**Conclusion**

Defendant fails to show that the she was substantially justified in defending the ALJ's rejection of Dr. Blacharsh's and Dr. Cox's assessed limitations.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, with Memorandum in

Support [Doc. 28] is **GRANTED**, and Plaintiff Troy King is authorized to receive **$5,946.40** for payment to his attorney for services before this Court as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotation marks omitted).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**